UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
IRMA FANTASIA,

             Plaintiff,

v.

MONTEFIORE NEW ROCHELLE,

             Defendant.
--------------------------------------------------------------x

**OPINION AND ORDER**

19 CV 11054 (VB)

Briccetti, J.:

    Plaintiff Irma Fantasia brings this action against Montefiore New Rochelle, asserting claims pursuant to Section 504 of the Rehabilitation Act ("RA"), 29 U.S.C. § 794; Section 1557 of the Affordable Care Act ("ACA"), 42 U.S.C. § 18116; and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296(2).

    At a status conference held on April 28, 2022, the Court directed the parties to brief whether subject-matter jurisdiction still exists in this case in light of the Supreme Court's decision in Cummings v. Premier Rehab Keller, P.L.L.C., 142 S. Ct. 1562 (2022).

    For the following reasons, the Court concludes subject-matter jurisdiction exists, and the case shall proceed to trial.

## BACKGROUND

    The Court presumes the parties' familiarity with the factual background of this case and summarizes only the relevant procedural history.

    Plaintiff commenced this action on December 2, 2019.  (Doc. #1).  In her complaint, plaintiff asserted claims pursuant to Title III of the Americans with Disabilities Act ("ADA"), Section 504 of the RA, Section 1557 of the ACA, and the NYSHRL; and she sought compensatory damages, injunctive relief, and attorney's fees and costs, as well as a declaratory judgment that defendant violated these statutes.

1

After the close of discovery, the parties cross-moved for summary judgment. In plaintiff's motion, she withdrew her request for injunctive or declaratory relief. On February 1, 2022, the Court granted in part and denied in part defendant's motion for summary judgment and denied plaintiff's cross-motion for summary judgment; dismissed plaintiff's ADA claim; and permitted her RA, ACA, and NYSHRL claims for emotional-distress damages to proceed to trial. Fantasia v. Montefiore New Rochelle, 2022 WL 294078 (S.D.N.Y. Feb. 1, 2022).

On April 28, 2022, the Supreme Court decided Cummings v. Premier Rehab Keller, P.L.L.C., in which the Court held that emotional-distress damages are not recoverable in private actions brought to enforce the RA or ACA. 142 S. Ct. at 1576. The Court reasoned that these statutes were enacted pursuant to Congress's authority under the Spending Clause, U.S. Const. art. I, § 8, cl. 1, which grants Congress the power "to set the terms on which it disperses federal funds" "in the nature of a contract," and thus any remedy for violation of those terms must be one "traditionally available in suits for breach of contract." Cummings v. Premier Rehab Keller, P.L.L.C., 142 S. Ct. at 1568, 1576. Emotional-distress damages, the Court determined, are not traditionally available in contract and thus are not an available remedy in private actions brought pursuant to these Spending Clause statutes. Id. at 1574–76.

At a status conference on April 28, 2022, the Court directed the parties to brief whether subject-matter jurisdiction still exists in this case in light of the Supreme Court's decision.

On May 19, 2022, defendant filed a brief arguing this case should be dismissed as moot. (Doc. #69).

On June 2, 2022, plaintiff filed a brief arguing the Court still possessed subject-matter jurisdiction over her claims. (Doc. #70 ("Pl. Br.")). Specifically, plaintiff contends Cummings was wrongly decided and does not apply to her claims, but, if Cummings does apply and does

preclude an award of emotional-distress damages, her claims are not moot because she is entitled to seek "expectation" damages, damages for "dignitary harm," or nominal damages at trial.

## DISCUSSION

I. Legal Standard

The Court "ha[s] an independent obligation to determine whether subject-matter jurisdiction exists." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).[1]  If it "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Federal courts are courts of limited jurisdiction, and they are empowered to decide only "Cases" or "Controversies." U.S. Const. art. III, § 2, cl. 1. "There is . . . no case or controversy, and a suit becomes moot, when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Chafin v. Chafin, 568 U.S. 165, 172 (2013). For example, "if in the course of litigation a court finds that it can no longer provide a plaintiff with any effectual relief, the case generally is moot." Uzuegbunam v. Preczewski, 141 S. Ct. 792, 796 (2021).

II. Analysis

   A. Expectation Damages

First, plaintiff contends she is entitled to pursue compensatory damages in the form of "expectation" damages for defendant's alleged violations of the RA and ACA.

The Court disagrees.

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

As an initial matter, although plaintiff contends this Court should reject <u>Cummings</u>'s holding because the case was wrongly decided, the Court must and will follow binding Supreme Court precedent. Moreover, the Court is not persuaded by plaintiff's argument that, by applying <u>Cummings</u> to this dispute, it would be applying the decision "retroactiv[ely]." (<u>See</u> Pl. Br. at 4). The Supreme Court was clear that, when the defendant in <u>Cummings</u> accepted federal funds in 2016, it did so without "clear notice" that it could "face [emotional-distress damages] in private actions brought to enforce the" RA or ACA and, as a result, the plaintiff could not recover emotional-distress damages. <u>Cummings v. Premier Rehab Keller, P.L.L.C.</u>, 142 S. Ct. at 1568, 1576. Thus, this Court would not be applying <u>Cummings</u> retroactively to determine that defendant, which treated plaintiff in April 2017, also did not have "clear notice" that liability for emotional-distress damages was a potential consequence of accepting federal funds at that time.

As explained above, the Supreme Court has determined that any remedy for violation of the RA or ACA must be one "traditionally available in suits for breach of contract." <u>Cummings v. Premier Rehab Keller, P.L.L.C.</u>, 142 S. Ct. at 1576.

Compensatory damages other than emotional-distress damages are generally available in contract cases. For example, one type of compensatory damages available in contract is "expectation" damages, which are meant to provide the plaintiff "the benefit of the bargain that he or she made by awarding a sum of money that will place [him or her] in as good a position as he or she would have been in had the contract been performed." 24 Williston on Contracts § 64.3 (4th ed. 2022).

> A party's expectation damages are measured by:
>
> (a) the loss in the value to him of the other party's performance caused by its failure or deficiency, plus
> (b) any other loss, including incidental or consequential loss, caused by the breach, less

(c) any cost or other loss that he has avoided by not having to perform.

Restatement (Second) of Contracts § 347. That said, any recovery is limited to "an amount that the evidence permits to be established with reasonable certainty." Id. § 352.

For example, in a publishing contract, if the publisher repudiates the contract and the author is unable to publish his novel with another publisher, the author's expectation damages "include the loss of royalties that he would have received had the novel been published together with the value to him of the resulting enhancement of his reputation." Restatement (Second) of Contracts § 347 illus. 1. However, if the author cannot estimate his loss of royalties or the value of any lost reputational enhancement "with reasonable certainty, he cannot recover damages for that loss." Id. § 352 illus. 1.

In theory, a plaintiff could pursue expectation damages as a remedy for violations of the RA or ACA. "When a federal-funds recipient violates conditions of Spending Clause legislation, the wrong done is the failure to provide what the contractual obligation requires; and that wrong is 'made good' when the recipient compensates the . . . third-party beneficiary . . . for the loss caused by that failure." Barnes v. Gorman, 536 U.S. 181, 189 (2002). When a plaintiff contends that a recipient of federal funds violated its contract with the federal government by discriminating against her on the basis of her disability, as a third-party beneficiary to the agreement between the receipt and the government, that plaintiff could be entitled to seek expectation damages flowing from that breach. See, e.g., Montgomery v. District of Columbia, 2022 WL 1618741, at *25–26 (D.D.C. May 23, 2022).

However, plaintiff in this case has not offered sufficient evidence such that a factfinder could determine her expectation damages with reasonable certainty. Plaintiff implies defendant's failure to provide an interpreter diminished the value of the treatment defendant

provided to her during her hospital stay. Specifically, she suggests the loss she experienced because of defendant's alleged discrimination was the loss of her daughter as "emotional support" because her daughter was instead forced to provide "medical interpretation." (Pl. Br. at 6). For one, this is clearly a rebranding of emotional-distress damages, which are precluded by Cummings. For another, plaintiff does not explain how a factfinder would quantify this loss with reasonable certainty. Instead, plaintiff's submission suggests the opposite—she describes this loss of emotional support as one she "will never be able to recover" (Pl. Br. at 6), not a loss that could reasonably be calculated by a jury.

Accordingly, plaintiff may not seek expectation damages at trial.

B.  Damages for Dignitary Harm

Second, plaintiff contends she is entitled to seek compensatory damages for dignitary harm caused by defendant's alleged violations of the RA and ACA.

The Court disagrees.

Laws mandating equal access to public places and federal programs, such as the statutes at issue in this case, were designed to address "the deprivation of personal dignity that surely accompanies denials of equal access." See Heart of Atl. Motel, Inc. v. United States, 379 U.S. 241, 250 (1964).

Moreover, "intentional discrimination is frequently a wanton, reprehensible tort." Cummings v. Premier Rehab Keller, P.L.L.C., 142 S. Ct. at 1572–73. Torts of this type, that is, invasions or deprivations of a person's dignity, are sometimes called "dignitary torts." Dan B. Dobbs et al., The Law of Torts § 514 (2d ed. 2021) ("Dignitary torts involve legally cognizable invasions of rights that stand independent of both physical and economic harms, that is, invasions of human dignity in the sense of human worth."). Certain statutory schemes allow

6

parties to a contract to recover tort damages to compensate for emotional distress.  3 Dan B. Dobbs, Law of Remedies § 12.5(1) (2d ed. 1993).

Here, the Court concludes damages for dignitary harm are not an available remedy for violations of the RA or ACA.

Discrimination is a dignitary tort, and compensatory damages are a generally accepted remedy for such torts.  See Restatement (Second) of Torts § 901 cmts. a, c.  However, only specific statutes permit recovery of tort damages in contract cases, and the Supreme Court held in Cummings that the RA and ACA do not permit such recovery.  See Cummings v. Premier Rehab Keller, P.L.L.C., 142 S. Ct. at 1576.

Moreover, just because dignitary harm is potentially caused by violations of the RA and ACA does not mean that such harm must be redressed by compensatory damages.  For example, dignitary harm may be remedied by injunctive relief, for example, an order directing a public accommodation to take remedial steps to provide equal access to patrons, e.g., Bronx Indep. Living Servs. v. Metro. Transp. Auth., 2021 WL 1177740, at *19–20 (S.D.N.Y. Mar. 29, 2021) (class action lawsuit brought by Bronx residents with mobility disabilities seeking an injunction directing state authorities to make a Bronx subway station wheelchair accessible), or by an award of nominal damages, e.g., Mueller v. Swift, 2017 WL 8218227 (D. Colo. Aug. 14, 2017) (awarding Taylor Swift $1 in nominal damages on her sexual assault counterclaim).

Further, in one of the cases plaintiff cites, Shaver v. Independent Stave Co., when the Eighth Circuit enumerated potential remedies for the dignitary harm suffered by an ADA tester, it did not mention compensatory damages.  350 F.3d 716, 725 (8th Cir. 2003) ("nominal damages, . . . attorneys' fees, exemplary damages, and injunctive relief").  Plaintiff's other authorities address only whether dignitary harm constitutes a concrete, particularized injury for

7

the purposes of standing, not whether such an injury can be redressed by an award of compensatory damages. See, e.g., Griffin v. Dep't of Lab. Fed. Credit Union, 912 F.3d 649 (4th Cir. 2019) (blind ADA tester did not establish standing to challenge a credit union's inaccessible website); Carello v. Aurora Policemen Credit Union, 930 F.3d 830 (7th Cir. 2019) (same); Camarillo v. Carrols Corp., 518 F.3d 153 (2d Cir. 2008) (per curiam) (legally blind plaintiff had standing to assert Title III ADA claims against a local restaurant "at least at this stage in the litigation" because she suffered an injury). Thus, even if plaintiff were able to show she suffered dignitary harm at trial, such harm would not entitle her to compensatory damages.

Accordingly, plaintiff may not seek damages for dignitary harm at trial.

C. Nominal Damages

Finally, plaintiff contends she is entitled to seek nominal damages for defendant's alleged violations of the RA and ACA.

The Court agrees.

In a contract action, if a plaintiff cannot show actual damages flowing from the breach of contract, she is entitled to nominal damages. Restatement (Second) of Contracts § 346(2) ("If the breach caused no loss or if the amount of the loss is not proved . . . , a small sum fixed without regard to the amount of loss will be awarded as nominal damages."); 24 Williston on Contracts, supra, § 64.9; see, e.g., Manhattan Sav. Inst. v. Gottfried Baking Co., 286 N.Y. 398, 400 (1941) (per curiam) (plaintiff awarded nominal damages of six cents).

A plaintiff who seeks nominal damages to redress an injury has standing to pursue her claim in federal court; that is, her claim is not moot. Uzuegbunam v. Preczewski, 141 S. Ct. at 801–02.

Moreover, a plaintiff may seek nominal damages at trial even if she did not explicitly request nominal damages in her complaint. See Irish Lesbian & Gay Org. v. Giuliani, 143 F.3d 638, 651 (2d Cir. 1998); see also Fed. R. Civ. P. 54(c) (final judgments shall "grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings").

Here, plaintiff is entitled to seek nominal damages on her RA and ACA claims at trial.

First, nominal damages are a generally accepted remedy in contract actions, 24 Williston on Contracts, supra, § 64.9, and the Supreme Court in Cummings held that generally accepted contract remedies were appropriate to redress violations of the RA and ACA. 142 S. Ct. at 1578.

Second, plaintiff's claims are not moot in light of her request for nominal damages. Uzuegbunam v. Preczewski, 141 S. Ct. at 802.

Third, plaintiff's decision not to request nominal damages in her complaint is not dispositive. Because plaintiff requested compensatory damages in her complaint, she may seek nominal damages at trial. See Irish Lesbian & Gay Org. v. Giuliani, 143 F.3d at 651.

Accordingly, plaintiff's claims are not moot, and she is permitted to seek nominal damages at trial.

**CONCLUSION**

The Court has subject-matter jurisdiction over this dispute, and the case shall proceed to trial.

The Court will conduct a case management conference on **July 15, 2022, at 2:30 p.m.,** at which time the parties shall be prepared to discuss, among other things, whether the parties consent to a bench trial, the setting of a trial date, and a schedule for pretrial submissions; as well as what good faith efforts they have made and will make to settle this case. The conference will be held in person at the White Plains courthouse, courtroom 620.

Dated: June 16, 2022
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge