UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IRMA FANTASIA,

        *Plaintiff*,

v.

MONTEFIORE NEW ROCHELLE HOSPITAL,

        *Defendants*.

Case No. 7:19-cv-11054-VB

---

**PLAINTIFF'S BRIEF IN SUPPORT OF
HER MOTION IN LIMINE**

---

Dated: September 2, 2022

Andrew Rozynski, Esq.
David John Hommel, Esq.
**EISENBERG & BAUM, LLP**
24 Union Square East, PH
New York, NY 10003
(212) 353-8700
arozynski@eandblaw.com
dhommel@eandblaw.com
*Attorneys for Plaintiff*

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................................................ ii

**INTRODUCTION** ........................................................................................................................... 1

**ARGUMENT** .................................................................................................................................. 1

    I.     Hearsay Statements That Michele Bianchi Allegedly Volunteered to Interpret for Plaintiff ................................................................................................................................ 1

    II.    Evidence on an Effective-Communication Theory of Liability ........................................... 4

    III.   Evidence of Plaintiff's Visits at Doctors' Offices and Other Hospitals .............................. 5

**CONCLUSION** ............................................................................................................................... 5

## **TABLE OF AUTHORITIES**

### **CASES**

*Disabled in Action v. Bd. of Elections*,
    752 F.3d 189 (2d Cir. 2014)................................................................................................4

*Jean-Laurent v. Hennessy*,
    840 F. Supp. 2d 529 (E.D.N.Y. 2011) .................................................................................1

*Luce v. United States*,
    469 U.S. 38 (1984)...............................................................................................................1

*Luke v. Texas*,
    No. 21-50791, 2022 U.S. App. LEXIS 23239 (5th Cir. Aug. 19, 2022) ..................................4

*Silva v. Baptist Health S. Fla., Inc.*,
    856 F.3d 824 (11th Cir. 2017) .............................................................................................4

### **STATUTES, RULES, AND REGULATIONS**

29 U.S.C. § 701(b)(1) ......................................................................................................................4

42 U.S.C. § 12182(b)(2)(A)(iii).......................................................................................................4

Fed. R. Evid. 402 .........................................................................................................................4, 5

Fed. R. Evid. 801(d)(2) ...............................................................................................................1, 2

28 C.F.R. § 35.160(c)(2)(ii) .............................................................................................................2

**INTRODUCTION**

Plaintiff Irma Fantasia, by and through her attorneys, moves for an order granting her motion in limine (i) to preclude hearsay statements from Peggy Sinkkonen and Agatha Flores that Michele Bianchi allegedly agreed to interpret for Fantasia, (ii) to preclude any evidence on an effective-communication theory of liability, and (iii) to preclude any evidence of Fantasia's visits at doctors' offices and other hospitals. Plaintiff also moves for an order granting such other and further relief as the Court deems just, equitable, or proper.

**ARGUMENT**

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 536 (E.D.N.Y. 2011) (citing *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)).

**I.   Hearsay Statements That Michele Bianchi Allegedly Volunteered to Interpret for Plaintiff**

To begin, Fantasia anticipates that Montefiore will offer hearsay statements that Fantasia's daughter, Michele Bianchi, allegedly volunteered to interpret. There are two pertinent statements: "Triage nurse Sinkkonen testified that when she first met with plaintiff and Bianchi, Bianchi said she would interpret for plaintiff. Nurse Flores testified when she first met with plaintiff and Bianchi, Bianchi volunteered to interpret." Summ. J. Op. at 4 (internal citations omitted), ECF No. 62. Such statements are hearsay and irrelevant.

As for the hearsay problem, Rule 801(d)(2) described statements that are not hearsay:

> (A) was made by the party in an individual or representative capacity;
> (B) is one the party manifested that it adopted or believed to be true;
> (C) was made by a person whom the party authorized to make a statement on the subject;
> (D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or

1

>     (E) was made by the party's coconspirator during and in furtherance
>     of the conspiracy.

Fed. R. Evid. 801(d)(2). Subsection (A) does not apply because Michele Bianchi is not a party. Nor do subsections (B) and (C) apply. As a preliminary matter, the statements at issue—essentially, "I want to interpret for my mom"—are not statements that Fantasia could adopt or authorize Bianchi to make because they have nothing to do with Fantasia's intent. Maybe those subsections could apply if the statements at issue were "My mom wants me to interpret for her."[1]

The remaining exceptions are unavailing. Subsection (D) does not apply because Bianchi is not an employee or an agent in the scope of employment. Fed. R. Evid. 801(d)(2) Advisory Committee Notes ("Was the admission made by the agent acting in the scope of his employment?"). Subsection (E), which deals with co-conspirators, plainly does not apply.

But even if Montefiore were somehow able to clear the hearsay hurdle, the statements at issue are irrelevant. Pertinently, "[a] healthcare provider may rely on an accompanying adult to interpret when [1] 'the individual with a disability specifically requests that the accompanying adult interpret or facilitate communication, [2] *the accompanying adult agrees to provide such assistance*, and [3] reliance on that adult for such assistance is appropriate under the circumstances.'" Summ. J. Op. at 16 (quoting 28 C.F.R. § 35.160(c)(2)(ii)) (emphasis added), ECF No. 62. The sequence of events maters. In other words, Montefiore must show that (1) Fantasia specifically requested Bianchi to interpret, (2) Bianchi agreed, and (3) the use of Bianchi as an interpreter was appropriate. The statements at issue cannot satisfy the second prong because the regulation contemplates that Fantasia made a request first and Bianchi agreed to accommodate the

---

[1] But even if that were the statement, Montefiore would need to provide evidence that Irma adopted the statements or authorized Michele to make them.

2

request. Nor is there any evidence that in the context of these statements, Fantasia made a specific request. Here is Sinkkonen's account:

> Q. So take it to me step-by-step from when Ms. Fantasia -- when the patient and her daughter first came up to you, what was the first thing that happened?
>
> A. Well, they come in, registration is there. She complained of dizziness. They sent her into me. She said I'll interpret for my mother. And I just asked what's wrong. She's dizzy. Allergies, meds, and off she goes.
>
> Q. Okay. And that was the extent of the conversation that you had?
>
> A. Yes.

Sinkkonen Dep. 16:25–17:13, ECF No. 53-7. As is plain from this exchange, there is no evidence of a specific request, and the same goes for Flores:

> Q. Okay. So, your understanding is that the reason that Ms. Fantasia's daughter wanted to stay is to make sure there would be someone there that could communicate with Ms. Fantasia overnight?
>
> A. Yes.
>
> Q. And do you take that -- take that explanation as a preference to provide an interpreter through the daughter?
>
> A. Yes.

Flores Dep. 47:11-20, ECF No. 53-10; *see also* Summ. J. Order at 4 ("Flores further testified she understood from her interactions with plaintiff and Bianchi that plaintiff preferred Bianchi to interpret for her."), ECF No. 62. Once again, there is no evidence that Fantasia made a specific request, and so any alleged statements from Bianchi would have no relevance to satisfy the consent exception of the accompanying-adult regulation.

3

**II.      Evidence on an Effective-Communication Theory of Liability**

Next, Fantasia anticipates that Montefiore will offer evidence that Fantasia and her daughter effectively communicated with one another. As noted in Section IV(A) of the Joint Proposed Pre-Trial Order, however, "Fantasia is not pursuing a traditional effective-communication theory at trial." Thus, any evidence that Fantasia and her daughter effectively communicated with one another has no bearing on liability and would be irrelevant. Fed. R. Evid. 402.[2]

Nor would evidence of effective communication be relevant to support a "no-harm-no-foul theory," which is "inconsistent" with federal law. *See Luke v. Texas*, No. 21-50791, 2022 U.S. App. LEXIS 23239, at *7 (5th Cir. Aug. 19, 2022). Although Fantasia was "ultimately able to [access benefits] with the fortuitous assistance of [her daughter], the purpose of [antidiscrimination laws] is 'to empower individuals with disabilities to maximize . . . independence.'" *See Disabled in Action v. Bd. of Elections*, 752 F.3d 189, 200 (2d Cir. 2014) (quoting 29 U.S.C. § 701(b)(1)); *Silva v. Baptist Health S. Fla., Inc.*, 856 F.3d 824, 834 (11th Cir. 2017) ("It is not dispositive that the patient got the same ultimate treatment that would have been obtained even if the patient were not deaf" because a patient may still be "denied the equal opportunity to participate in healthcare services."). For all these reasons, the Court should preclude evidence relating to an effective-communication theory of liability.

---

[2] To be clear, Fantasia will contend at trial that she was "treated differently than other individuals because of the absence of auxiliary aids and services." 42 U.S.C. § 12182(b)(2)(A)(iii). What is more, Fantasia will contend that Montefiore violated the primary-consideration and accompanying-adult regulations. Summ. J. Op. at 16, ECF No. 62. In fact, the Department of Justice submitted a statement of interest rejecting the contention that the governing "inquiry is simply whether there is effective communication between a public accommodation and an individual with a disability." U.S. Stmt. of Interest at 11, ECF No. 57.

4

### III. Evidence of Plaintiff's Visits at Doctors' Offices and Other Hospitals

Finally, Fantasia anticipates that Montefiore will offer evidence on how Michele Bianchi interpreted for Fantasia at doctors' offices and even potentially out-patient visits. Such evidence is irrelevant and should be excluded. Fed. R. Evid. 402. The fact that Bianchi interpreted on those occasions does not make it more or less probable that Bianchi freely and voluntarily interpreted for an emergency-room visit at a hospital.

At her deposition, Michele Bianchi testified that a "hospital is a big entity and . . . they are required to provide [interpreting] services. The doctor office is not." Bianchi Dep. 44:16-24, ECF No. 53-3; *see also id.* 31:19-25 (providing her understanding that "[d]octors cannot afford it" and "a small entity" does not have to provide interpreting services). Moreover, even if Montefiore were to proffer evidence that Bianchi interpreted for out-patient visits at a hospital, that setting is different than an emergency-room visit, nor would Bianchi be bound to interpret at every out-patient appointment. Bianchi testified that she had not made an emergency-room visit with her mother before the underlying visit, and so this encounter was the first time she had requested an interpreter for her mother. Bianchi Dep. 60:10-13 & 60:23–61:2, ECF No. 53-3. Thus, the Court should preclude evidence of Fantasia's visits at doctors' offices and other hospitals.

## CONCLUSION

For the reasons provided, Plaintiff requests that the Court grant this motion in limine in its entirety and preclude the evidence described above. The Court should also enter an award granting such other and further relief as the Court deems just, equitable, or proper.

Dated: September 2, 2022               Respectfully submitted,

_____
Andrew Rozynski, Esq.
David John Hommel, Esq.
**EISENBERG & BAUM, LLP**
24 Union Square East, PH
New York, NY 10003
(212) 353-8700
arozynski@eandblaw.com
dhommel@eandblaw.com
*Attorneys for Plaintiff*

6

## CERTIFICATE OF SERVICE

On September 2, 2022, I caused this document to be served upon all attorneys of record, which will be filed on the CM/ECF system upon the full briefing of this motion in accordance with the Court's Individual Practices and Rules.

Dated: September 2, 2022                                  Respectfully submitted,

Andrew Rozynski, Esq.
**EISENBERG & BAUM, LLP**
24 Union Square East, PH
New York, NY 10003
Tel: (212) 353-8700
Fax: (917) 591-2875
arozynski@eandblaw.com
*Attorneys for Plaintiff*